**NOT PRECEDENTIAL**

# UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT
_____

No. 17-3611
_____

TYRONE M. ADKINS; SHERRE ADDUSSALAAM;
RASHELL THOMPSON; NATHAN THOMPSON

v.

DETECTIVE DALLAS REYNOLDS, Troop 4 Delaware
State Police; DETECTIVE DANNAILE REMENTER, Troop 4
Delaware State Police; GOVERNER TASK FORCE MEMBERS;
TACTICAL TEAM (SERT) MEMBERS

Tyrone M. Adkins,
                                        Appellant
_____

On Appeal from the United States District Court
for the District of Delaware
(D. Del. No. 1-15-cv-00882)
District Judge:  Honorable Gregory M. Sleet
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 9, 2018
Before:  CHAGARES, GREENAWAY, JR. and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Opinion filed: June 1, 2018)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Pro se plaintiff-appellant Tyrone Adkins appeals the District Court's dismissal of his case for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Because we conclude that this appeal presents no substantial question, we will summarily affirm the District Court's judgment. See 3d Cir. LAR 27.4; I.O.P. 10.6.

In October 2015, Adkins filed a pro se complaint raising claims pursuant to 42 U.S.C. § 1983 against numerous defendants. Defendants answered his complaint and submitted their initial discovery disclosures. After the District Court set a scheduling order, defendants sought to take a deposition of Adkins, who was incarcerated, and filed several requests for discovery from him. Adkins did not respond to the discovery requests or seek any discovery.

The District Court granted defendants leave to take Adkins' deposition. Shortly after, Adkins filed a motion for the appointment of counsel, which the District Court denied. Two months later, at his brief deposition, Adkins refused to answer any questions posed by defendants' counsel unless he had a lawyer present. Adkins acknowledged that his request for the appointment of counsel had been denied and vaguely suggested that he was hoping to secure counsel another way.[1] Adkins insisted that his complaint was self-explanatory and refused to provide any of the discovery

---

[1] Adkins later seemed to indicate that he was still expecting the District Court to appoint him counsel at some point despite the prior denial of his motion for counsel. He recognized that he had not filed any other requests for counsel with the Court.

sought by defendants.

Defendants filed a motion urging the District Court to dismiss Adkins' case for failure to prosecute. Four months later, defendants filed a motion for summary judgment based solely on the evidence in their possession, as Adkins had still not provided any discovery to them. The District Court issued an order for Adkins to show cause why his case should not be dismissed for failure to prosecute, noting that Adkins had not taken any action on his case between June 9, 2016 and February 1, 2017. Adkins then filed a response to defendants' motion to dismiss which did not address his months of inaction and primarily restated the allegations in his complaint. On August 31, 2017, the District Court dismissed Adkins' case for failure to prosecute. Adkins timely appealed.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We review the District Court's dismissal of Adkins' complaint pursuant to Federal Rule of Civil Procedure 41(b) for an abuse of discretion. Briscoe v. Klaus, 538 F.3d 252, 257 (3d Cir. 2008). Our review is

> guided by the manner in which the trial court balanced the following factors . . . and whether the record supports its findings: 1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party . . . was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984). "Each factor need not be satisfied for the trial court to dismiss a claim." Ware v. Rodale Press, Inc.,

322 F.3d 218, 221 (3d Cir. 2003). Although "we defer to the District Court's discretion, dismissal with prejudice is only appropriate in limited circumstances and doubts should be resolved in favor of reaching a decision on the merits." Emerson v. Thiel Coll., 296 F.3d 184, 190 (3d Cir. 2002).

The District Court concluded that the Poulis factors weighed heavily in favor of dismissal. First, Adkins is "solely responsible for the progress of his case," as he proceeded pro se. See Briscoe, 538 F.3d at 258-59. Second, Adkins' failure to respond to defendants' discovery requests impeded their ability to prepare their defense and prevented the case from moving forward. See Ware, 322 F.3d at 223. Third, Adkins had a history of dilatoriness, repeatedly failing to participate in discovery or respond to defendants' motions and filings despite ample time and opportunities to do so. See Adams v. Trs. of N.J. Brewery Emps.' Pension Tr. Fund, 29 F.3d 863, 874 (3d Cir. 1994) ("Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders.").

Fourth, the record indicates that Adkins acted willfully and in bad faith, as demonstrated most clearly by his behavior at his deposition and his lack of explanation for his inaction throughout the litigation in his response to the District Court's order to show cause. See id. at 875 ("Willfulness involves intentional or self-serving behavior."). Fifth, the District Court properly concluded that monetary sanctions would not have been effective as an alternative to dismissal because Adkins proceeded in forma pauperis. See

4

Emerson, 296 F.3d at 191.  The final factor was neutral because discovery had never been completed.

The record here supports the District Court's balancing of the Poulis factors and its ultimate decision to dismiss Adkins' case.  Accordingly, we will summarily affirm the District Court's judgment.